```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Chao-Cheng Teng

   v.                                    Civil No. 11-cv-281-JL

Shore Club Hotel Condominiums et al.


**O R D E R**

Plaintiff, Chao-Cheng Teng, filed this action asserting that he suffered discrimination on the basis of race in attempting to purchase property in Seabrook, New Hampshire. Teng's claims are asserted under 42 U.S.C. § 1982 and the Fair Housing Act, 42 U.S.C. § 3604.  Because Teng has paid the filing fee, the matter is before the court for subject matter review only, pursuant to Local Rule 4.3(d)(1)(A).

Racial discrimination in residential real estate transactions and in the sale or purchase of properties is prohibited by 42 U.S.C. §§ 1982 and 3604-3605.  See Plains Comm. Bank v. Long Family Land & Cattle Co., 554 U.S. 316, 351 (2008) ("42 U.S.C. § 1982 'bars all racial discrimination . . . in the sale or rental of property'" (quoting Jones v. Alfred H. Mayer Co., 392 U.S. 409, 413 (1968))); Meyer v. Holley, 537 U.S. 280, 285 (2003) (Fair Housing Act).  Teng has alleged facts giving rise to a colorable claim of such race discrimination.  Without expressing any opinion at this time on whether Teng has stated a

plausible claim upon which relief can be granted, the court finds that it has subject matter jurisdiction over the case. See 28 U.S.C. § 1331 (federal question jurisdiction).

Pursuant to Fed. R. Civ. P. 4, a plaintiff in a civil lawsuit must serve a defendant to the suit with a summons and a copy of the complaint within 120 days after filing the complaint.  See Fed. R. Civ. P. 4(c) & (m).  Where plaintiff fails to make service during that time frame, the court must, upon motion or on its own after notice to plaintiff, dismiss the action without prejudice or direct service within a specified time, unless plaintiff "shows good cause for the failure," in which case the court must grant an appropriate extension of time to allow plaintiff to make service.  Fed. R. Civ. P. 4(m).

Teng filed a complaint in this case on June 7, 2011.  The clerk's office issued the summonses completed by Teng.  The 120-day period for serving the complaint and the summonses expired on October 5, 2011.  The docket indicates that Teng has not yet completed service of process upon any defendant; nor has he filed a motion showing good cause for an extension of the 120-day time limit.

In light of Teng's pro se status, the court grants Teng an opportunity to effect service within forty-five days of the date of this Order.  Teng's failure to complete service of process

within that time, or failure to file a motion showing good cause for an extension of that time frame, will result in a recommendation that this action be dismissed without prejudice as to any defendant not yet served.

## Conclusion

Plaintiff is directed, within forty-five days of the date of this Order, to serve the complaint and a summons upon each defendant that he intends to sue, in accordance with the requirements of Fed. R. Civ. P. 4, and to provide this court with proof of service in accordance with Fed. R. Civ. P. 4(l).

If plaintiff is unable to effect service within forty-five days, he may file a motion within forty-five days of the date of this Order showing good cause why an additional extension of time is necessary.

Failure to comply with this Order will result in a recommendation that this action be dismissed without prejudice as to any defendant not served within the specified time.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 19, 2011

cc: Chao-Cheng Teng, pro se

LBM:nmd