UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE


<u>Chao-Cheng Teng</u>

     v.                                  Civil No. 11-cv-281-JL

<u>Shore Club Hotel
Condominiums</u> <u>*et al.*</u>


## SUMMARY ORDER

Chao-Cheng Teng, proceeding pro se, has sued the owner of condominium units in Seabrook, New Hampshire, as well as a number of real estate agents and agencies, claiming that they refused to sell her one of the units, even though she and the owner had entered into a purchase and sale agreement to that effect.  She alleges that this amounted to a breach of that agreement and, because it was done on account of her race, a violation of both the Fair Housing Act, 42 U.S.C. §§ 3604-05, and 42 U.S.C. § 1982, which prohibits racial discrimination in the sale of property, <u>see</u> Jones v. Alfred H. Mayer Co., 392 U.S. 409, 413 (1968).  As Magistrate Judge McCafferty ruled on her initial review of Teng's complaint under L.R. 4.3(d)(1)(A), Order of Oct. 19, 2011, these federal statutory claims give this court subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question).

Teng's claims against several of the named defendants were dismissed without prejudice after Teng failed to respond to this court's order that she demonstrate that they had been properly

served.  See Order of Feb. 2, 2012.  Two of the remaining defendants, Albert Bellemore, Jr. and Kathy McGregor, have filed separate motions to dismiss Teng's complaint for failure to state a claim.  See Fed. R. 12(b)(6).  The other two remaining defendants, Pamela Bailey and Coldwell Banker Real Estate, LLC, have filed a motion for a more definite statement.  See Fed. R. Civ. P. 12(e).  Teng has not filed a response to any of these motions.  For the reasons explained below, Bellemore's motion to dismiss is denied, but McGregor's motion to dismiss, and the motion for a more definite statement, are granted.

**The motions to dismiss**.  Bellemore and McGregor have separately moved to dismiss Teng's complaint.  Each argues that the complaint fails to state a plausible claim for relief against him or her, and that any such claim would nevertheless be barred by the statute of limitations.  In deciding these motions, the court "must take the well-pleaded facts in the light most favorable to [Teng] and indulge [her] all reasonable inferences." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Teng's claims arise out of her efforts, beginning in May 2008, to buy a condominium unit from Bellemore.  Teng, who identifies herself as a "minority," says that, after she offered "full asking price" for one of the units, Bellemore proceeded to

demand more money, only to sell it to a "caucasian buyer" for less than the original asking price.

Teng says that, after she "raised [a] question about this discriminatory practice," Bellemore offered her a different unit, but one with a "damaged carpet." After Bellemore "agreed to replace the floor," however, he and Teng entered into a purchase and sale agreement for this second unit, albeit for $15,000 more than the price the "caucasian" buyer had paid for the other unit.

Teng claims that the closing on this transaction was scheduled for May 23, 2008, but Bellemore failed to show up and that, while he proposed later dates--June 12, 2008, and, eventually, September 5, 2008--the closing did not occur on those days, either. Teng says that she later found out, in October 2008, that Bellemore had sold the unit to another "caucasian" buyer, despite having entered into the purchase and sale agreement with Teng and retaining her earnest money deposit.

Teng further alleges that, in February 2009, other units were advertised for sale, but McGregor--who was acting as Bellemore's agent--told Teng "they would not want to sell [one of them] to [her], period." Finally, in July 2010, another real estate agent acting on behalf of Bellemore told Teng that he would not sell any of the remaining units to her because "he wanted to keep [them] for himself."

Teng commenced this action on June 7, 2011.  She claims that Bellemore, through McGregor and other real estate agents, refused to sell Teng a condominium on account of her race, in violation of both the Fair Housing Act and 42 U.S.C. § 1982.  She also claims a breach of the purchase and sale agreement.

With exceptions that do not appear to be relevant here, the Fair Housing Act outlaws certain discriminatory practices in the sale or rental of housing, including:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race . . . [and]
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race . . . .

42 U.S.C. § 3604.  Similarly, 42 U.S.C. § 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property" and therefore "bars all racial discrimination . . . in the sale or rental of property," Jones, 392 U.S. at 413.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Iqbal v. Ashcroft, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) (quoting Bell Atl.

4

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In moving to dismiss Teng's complaint for failure to state a cause of action, Bellemore addresses only her allegations that he (1) demanded a higher price from her for the second unit than he did from the non-minority buyer for the first unit and (2) eventually told her that he would not sell her any of the units remaining in 2010 because "he wanted to keep [them] for himself." Bellemore argues that, as to these two acts, Teng's "own allegations undermine any reasonable inference of racial animus," because (1) "the difference in asking price was due to improvements sought by" Teng in the second unit, viz., the new floor, rather than her race, and (2) as to his refusal to sell her any of the units remaining in 2010, she "effectively admits that . . . the reason they were not available had nothing to do with race." But at most, these allegations simply provide a plausible race-neutral explanation for some of the challenged conduct; they do not render Teng's claim of racial discrimination implausible.

As this court has observed, "dismissal for failure to state a claim is appropriate only if 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.' It is not appropriate in the opposite case, i.e., if the complaint simply permits (but does not compel) the court to infer that the defendant acted lawfully." Kmart Corp. v. RK

5

Hooksett, LLC, 2010 DNH 30, 6 (quoting Iqbal, 129 S. Ct. at 1949). That is the worst that can be said of Teng's allegations of racial discrimination in the higher price for the second unit vis-a-vis the first, or Bellemore's refusal to sell her any of the units remaining in 2010.

More importantly, Bellemore does not even address the balance of his allegedly discriminatory conduct: refusing to sell Teng the first unit for the asking price, only to sell it to a non-minority buyer for less than the asking price; failing to close on the second unit, even after entering into a purchase and sale agreement with Teng, then selling it to another non-minority buyer; and communicating to Teng, through McGregor, his categorical refusal to sell her any of the units advertised for sale in 2009. These allegations, together with the balance of Teng's complaint, plausibly state a claim against Bellemore for violating both the Fair Housing Act and § 1982--as well as a common-law claim for breach of contract, a theory that Bellemore's motion does not address or even acknowledge.

Bellemore further argues that Teng's claims against him are barred by the statute of limitations. There are two relevant limitations periods at issue here. First, because § 1982 "does not contain a statute of limitations, federal courts should select the most appropriate or analogous state statute of

limitations." Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987). Under New Hampshire law, the appropriate state statute of limitations is the three-year limitations period for "personal actions" set forth in N.H. Rev. Stat. Ann. § 508:4, I.[1] See Kilty v. Worth Dev. Co., 2005 DNH 087, 39-40 (DiClerico, J.). Second, the FHA's own statute of limitations, 42 U.S.C. § 3613(a)(1)(A), requires a person to bring suit "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, . . . whichever occurs last."

As one court has observed, the FHA's limitations provision has thus "codified [the] continuing violation doctrine," which provides that "'where a plaintiff . . . challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed [within the statutory period, running from] the last asserted occurrence of that practice.'" Garcia v. Brockway, 526 F.3d 456, 461-62 (9th Cir. 2008) (en banc) (quoting and adding bracketing to Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81 (1982)).

Bellemore's motion to dismiss ignores this aspect of the FHA's limitations provision, focusing instead on his conduct in

---

[1] New Hampshire's three-year limitations period also applies to Teng's claim for breach of contract but, again, Bellemore's motion does not acknowledge that claim.

May 2008, which was more than two years before Teng filed this action, on June 7, 2011.  Bellemore's actions in May 2008, however, did not mark the "termination of [the] alleged discriminatory housing practice," i.e., his refusal to sell a condominium unit to Teng on account of her race, but its commencement.  Again, Teng alleges that Bellemore repeatedly rebuffed her efforts to purchase a unit well into 2010.

A motion to dismiss based on the statute of limitations prevails only when "the pleader's allegations leave no doubt that an asserted claim is time-barred."  Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (quotation marks omitted).  Because, at a minimum, Teng's allegations leave doubt as to whether Bellemore's refusal to sell her a condominium on account of her race had terminated more than two years before she brought this action, his motion to dismiss her FHA claim on limitations grounds is denied.  See Barrett v. H & R Block, Inc., 652 F. Supp. 2d 104, 111 (D. Mass. 2009).

Bellemore's motion to dismiss Teng's § 1982 claim as time-barred yields the same result.  The continuing violation doctrine also applies to that claim, so that in cases of "a continuing course of racially discriminatory conduct, the date of the last discriminatory act determines a suit's timeliness."  Bradley v. Carydale Enters., 707 F. Supp. 217, 220 & n.10 (E.D. Va. 1989)

(citing Havens, 455 U.S. at 381-82).  Again, Teng's allegations at least leave doubt as to whether Bellemore's course of discriminatory conduct continued into 2010.

Accordingly, Bellemore's motion to dismiss Teng's complaint is denied.  McGregor's motion to dismiss, however, is granted.  Teng's only allegation against McGregor is that, after a number of condominium units were advertised for sale in February 2009, McGregor, acting as Bellemore's agent, said "they would not want to sell [one of them] to [Teng], period."  Teng does not allege that McGregor was involved in--or was even aware of--any of Bellemore's prior or subsequent dealings with Teng, all of which, according to the complaint, were conducted through another real estate broker.  So, even if Teng's complaint could be read to allege that McGregor personally (as opposed to merely in her capacity as Bellemore's agent) refused to deal with Teng, it does not contain any facts plausibly suggesting that McGregor did so on account of Teng's race.  Teng therefore fails to state a claim against McGregor under either the FHA or § 1982.

**The motion for a more definite statement.**  As noted at the outset, the other two remaining defendants, Pamela Bailey and Coldwell Banker Real Estate, LLC, have filed a motion for a more definite statement.  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed

9

but which is so vague and ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Bailey and Coldwell Banker argue that Teng's complaint is at best unclear as to their role in the alleged discrimination.

The court agrees. Bailey's name appears in three places in Teng's factual allegations: Teng alleges that (1) Bailey, together with Bellemore and another real estate agent, refused to sell Teng the first condominium unit, (2) Bailey, who works for Coldwell Banker, "contected [*sic*] those towns that had seized all of [Teng's] properties and belongings," and (3) Bailey "even fabricated an E-mail to cause [an]other realtor not to [sell] [a] condo" to Teng. But Teng does not explain (1) what role Bailey or Coldwell Banker played, if any, in Teng's further efforts to purchase a different condominium unit from Bellemore, (2) the relationship, if any, between the alleged seizure of her property by unnamed towns and the claims in the complaint or, for that matter, the alleged "contact" by Bailey, or (3) the relationship between Bailey's allegedly fabricated e-mail and the claims in the complaint, i.e., whether the agent who received it was one of those involved in Bellemore's dealings with Teng or not.

As Bailey and Coldwell Banker acknowledge, the absence of allegations linking named defendants to the complained-of conduct would normally seem to call for dismissal under Rule 12(b)(6),

10

rather than a more definite statement under Rule 12(e).  See Lewis v. Textron Auto. Co., 935 F. Supp. 68, 70 (D.N.H. 1996) (Devine, J.).  Teng's complaint, however, suffers from not only a lack of specificity as to Bailey's role in the underlying events, but also ambiguity in that the complaint repeatedly refers to the malefactors as "they."  This leaves open the possibility that Teng is accusing Bailey or Coldwell Banker of playing a role in other events alleged and, as a result, significantly hampers their ability to respond to Teng's allegations.  Relief under Rule 12(e) is therefore appropriate.  See Carter v. Newland, 441 F. Supp. 2d 208, 214 (D. Mass. 2006).

Accordingly, Bailey's and Coldwell Banker's motion for a more definite statement is granted.  Within 14 days of the date of this order, Teng shall file a statement explaining (1) whether Bailey or Coldwell Banker had any involvement in Bellemore's refusal to sell a condominium unit to Teng and, if so, what, including the general date ranges of their involvement, (2) what happened, if anything, as a result of Bailey's allegedly contacting the unnamed towns that had seized Teng's property, and (3) whether the real estate agent to whom Bailey allegedly sent an e-mail was one of those identified in the complaint, or was otherwise acting on Bellemore's behalf in dealing with Teng.  If

11

Teng fails to comply with this order, her claims against Bailey and Coldwell Banker may be stricken.  See Fed. R. Civ. P. 12(e).

For the foregoing reasons, Bailey's and Coldwell Banker's motion for a more definite statement[2] is GRANTED, McGregor's motion to dismiss[3] is GRANTED, and Bellemore's motion to dismiss[4] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 12, 2012

cc:  Chao-Cheng Teng, pro se
     John G. Cronin, Esq.
     Kathy MacGregor, pro se
     Peter G. Callaghan, Esq.

---

[2] Document no. 8.

[3] Document no. 11.

[4] Document no. 13.